The court, in our opinion, did not err in refusing to let in parole evidence to show that the plaintiff purchased at the probate sale for his wife.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and proceeding to render such judgment, as ought, in our opinion, to have been given below, it is further adjudged and decreed, that the plaintiff, Young R. Stokes, recover of the defendant one undivided half of the tract of land described in his petition, and that the defendant be quieted in his title to the other half; the costs of the District Court to be paid by the defendant, and those of the appeal by the plaintiff and appellee.

Eastern Dist.

*April,* 1838.

BLOUNT
vs.
SYMS.

The obligation of warranty descends to the heir of the vendor, and one of its first objects is the buyer's peaceable possession of the thing sold. In this respect the obligation is indivisible, although in regard to damages consequent on eviction, each heir may only be bound for his virile share.

Parole evidence will not be received, to show that the husband purchased certain property at the probate sale of his mother-in-law's succession, for his wife.

---

## BLOUNT vs. SYMS.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF EAST BATON ROUGE, THE JUDGE OF THE DISTRICT PRESIDING.

Where the mother as natural tutrix, exchanges certain slaves of the community, for a tract of land, the son as heir of his father may sue to recover this land from a third possessor, to whom his mother illegally conveyed it. The institution of suit amounts to a ratification of the exchange and purchase of the land for his benefit.

EASTERN DIST.
April, 1838.
━━━━━━━
BLOUNT
vs.
SYMS.

If the mother, while tutrix of her son, purchases land with the funds or property of his deceased father's succession, and he assents to the contract, his title to it will prevail over a naked possessor.

This is a petitory action, in which the plaintiff claims title to two hundred acres of land in the possession of the defendant.

The plaintiff alleges, that he is the sole surviving child of Hugh R. Blount, deceased ; the other three children having died since their ancestor, leaving the petitioner and his mother the sole heirs of his succession. All the property at his death, belonged to the community, and consisted of several slaves. That the mother was confirmed as natural tutrix of the children, and took possession of all 'the property of the succession ; sold some of the slaves, and appropriated the proceeds to her individual benefit, and exchanged the remainder for the tract of land in contest.

The plaintiff further shows, that the defendant, well knowing the premises, has taken possession of the tract of land, and refuses to deliver it up, although amicably demanded. He prays that he be declared the true owner, and that the defendant be ordered to give him possession, &c.

The defendant excepted and denied that the plaintiff had any right to claim the land sued for, and that the petition disclosed a total want of right to recover ; that, if he has any claims they are against his mother and tutrix, whom he must sue, and establish his rights by a judgment. He prays that the demand be rejected with costs.

The defendant also answered, pleaded a general denial, and averred he purchased the property in dispute from the plaintiff's mother, by notarial act, the 14th of March, 1835, whom he cites in warranty.

The cause was tried in the District Court upon the exception alone. The judge *a quo*, was of opinion, that the exception was well taken, and gave judgment dismissing the suit.

*Elam*, for the plaintiff, contended, that enough was shown and alleged in the petition to put both parties on proof of their respective rights, &c.

1. Whether the plaintiff was or was not entitled to any part of the succession of H. R. Blount; whether he had or had not obtained a judgment against his mother as his tutrix, were matters of evidence.

2. It is alleged, the land was purchased with property of the community; that it was inventoried as such; that the entire community belonged to the plaintiff and his mother; that she had received and enjoyed her portion thereof; and, that the land was all that was left to the plaintiff: *and that the defendant held illegally.*

The plaintiff and his mother were at least *joint owners*; hence the plaintiff could maintain a petitory action against a possessor without *title*; and title or no *title*, can only be inquired into by a trial on the merits. .3 *Louisiana Reports*, 128.

3. The judge *a quo*, erred, in assuming that the defendant acquired title from the plaintiff's mother; or, that he *had* any title: this was not alleged in the petition, nor disclosed by the exception. In searching for that averment in the answer and judging of its effect, was trying the cause on the merits, without evidence. The judgment should be reversed, and the cause reinstated for trial on its merits.

*R. N.* and *A. N. Ogden*, for the defendant.

*Bullard, J.*, delivered the opinion of the court.

This case went off in the court below, upon an exception in the nature of a demurrer. The exception denies the right of the plaintiff to maintain the present action on the grounds stated in the petition, and avers that the petition itself discloses a total want of right against the respondent.

Such an exception admits, hypothetically, the facts alleged, but denies the legal conclusion which the plaintiff seeks to draw from them, to wit, his right to recover.

The facts alleged in the petition, and which for the purpose of this argument are to be assumed as true, without regard to other matters of defence upon the merits, are, that the plaintiff is the only surviving child of his father, Hugh

EASTERN DIST.
*April*, 1838.

BLOUNT
*vs.*
SYMS.

Where the mother, as natural tutrix, exchanges certain slaves of the community, for a tract of land, the son, as heir of his father, may sue to recover this land from a third possessor, to whom his mother illegally conveyed it. The institution of suit amounts to a ratification of the exchange and purchase of the land for his benefit.

If the mother, while tutrix of her son, purchases lands with the funds or property of his deceased father's succession, and he assents to the contract, his title to it will prevail over a naked possessor.

R. Blount; that his mother, who is still alive, was in community with him; that they had other children, who died since the father; so that the plaintiff and his mother are now sole heirs, and entitled to the property composing the community: that among the common property were two slaves, which the mother, who was the plaintiff's tutrix, exchanged for the tract of land in controversy, which she afterwards declared to belong to the estate; that the mother has received the whole of her share of the community in other property, which she converted to her own use. It is lastly alleged, that the defendant illegally and forcibly took possession of the tract of land in question.

The bringing of the present suit on the part of the heir, amounts to a ratification of the exchange made by the mother, and if it be true as alleged, that the defendant is without title, the plaintiff would, in our opinion, be entitled to recover at least a part of the land, if not the whole. It is true, the land does not appear, nor is it alleged, ever to have belonged to the deceased, but if the plaintiff's mother acquired it in part or in whole for him, and he assents to the contract, it appears to us, he shows such a right as would prevail over a naked possessor.

We are, therefore, of opinion, the court erroneously sustained the exception, and the case must be remanded for a trial upon the merits.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, the case reinstated and remanded for further proceedings according to law, and that the defendant pay the costs of the appeal.